**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| Nina White, | : Civil Action No.: <u>4-14-cv</u>40 (CDL) |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| One on One Marketing, LLC d/b/a Career | : **COMPLAINT** |
| Institute; and DOES 1-10, inclusive, | : **JURY TRIAL DEMANDED** |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Nina White, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Nina White ("Plaintiff"), is an adult individual residing in

Savannah, Georgia, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant One on One Marketing, LLC d/b/a Career Institute ("One"), is a Utah

business entity with an address of 3098 Executive Parkway, Suite 300, Lehi, Utah 84043, and is

a "person" as defined by 47 U.S.C. § 153(10).

6.      Does 1-10 (the "Agents") are individual agents employed by One and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      One at all times acted by and through one or more of the Agents.

## FACTS

8.      In or around December 2013, One began placing calls to Plaintiff's cellular telephone, number 757-xxx-7840.

9.      At all times mentioned herein, One placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10.     When Plaintiff answered a call from One she experiences a brief period of silence before being connected to a live agent who informs Plaintiff that they are calling to solicit services.

11.     On more than one occasion, also in December 2013, Plaintiff has informed One that she never provided her number to One and never provided her consent to be contacted by One and further instructed the calls from One to cease.

12.     Regardless, One continued to place calls to Plaintiff on her cell phone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, *et seq.*

13.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16.     Defendant's telephone systems have some earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to the next available representative.

17.     Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Despite Plaintiff directing Defendant to cease all calls to her cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.     The telephone number called by One was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20.     The calls from One to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: February 11, 2014

By:   /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Nina White
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424

Email: slemberg@lemberglaw.com