IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

NINA WHITE,                          *

    Plaintiff,                    *

vs.                                  *
                     CASE NO. 4:14-CV-40 (CDL)

ONE ON ONE MARKETING, LLC,           *

    Defendant.                    *

_____

O R D E R

Plaintiff Nina White brought this action under the Telephone Consumer Protection Act of 1991 § 3, 47 U.S.C. § 227.  Compl. ¶ 1, ECF No. 1.   In her Complaint, White alleged that she was a resident of Savannah, Georgia.  *Id.* ¶ 4.   Savannah is in the Southern District of Georgia, not the Middle District.   28 U.S.C. § 90(c)(3).  The Court thus ordered White to show cause why this action should not be dismissed for improper venue.  Text Order, Oct. 6, 2014.

White now asks the Court to transfer this action pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Virginia, where she moved after the events giving rise to her Complaint.  Section 1404(a) authorizes a district court to "transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   Even if White had clearly explained why this action "might have been brought" in the Eastern District of Virginia (which she did not), § 1404(a) is not the

correct vehicle for her request because it is undisputed that venue is not proper in the Middle District of Georgia. *See Van Dusen v. Barrack*, 376 U.S. 612, 633 (1964) (noting that "§ 1404(a) operates on the premises that the plaintiff has properly exercised his venue privilege"); Moore's Fed. Practice 3d § 111.02(1)(b)(1) (2014) "Section 1404(a) . . . applies if venue is proper in the original court[.]").  White's motion to transfer venue under § 1404(a) (ECF No. 15) is denied.

The Court observes that White did not seek transfer under the "improper venue" statute, 28 U.S.C. § 1406(a), which permits transfer of an action filed "in the wrong division or district . . . to any district . . . in which it could have been brought." Even if White had invoked § 1406(a), she did not clearly explain why this action "could have been brought" in the Eastern District of Virginia, so the Court cannot transfer this action under § 1406(a).

In sum, it is clear that venue is not proper in this Court, and White has not established that transfer is permitted under any other statutory provision.  Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED, this 15th day of October, 2014.

S/Clay D. Land
CLAY D. LAND, CHIEF JUDGE
UNITED STATES DISTRICT COURT

2